IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT ANDREW ROUTH, JR.                                    PETITIONER

v.                    Civil No. 2:24-cv-02079-TLB-MEF

JUDGE CHRISTINE JOHSON                                      RESPONDENT


## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a habeas corpus action filed by the Robert A. Routh, Jr. ("Routh") pursuant to 28 U.S.C. § 2254.   Routh proceeds *pro se*.   Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.   The case is before the Court on Routh's failure to obey the Court's Orders.

### I.    DISCUSSION

When he filed his habeas petition, Routh, who was incarcerated in the Crawford County Detention Center ("CCDC"), failed to pay the $5 filing fee, or submit a motion to proceed *in forma pauperis* ("IFP").   The Clerk's Office sent Routh a notice about this failure and gave him until July 5, 2024, to either pay the filing fee or submit a motion to proceed IFP.   (ECF No. 3).   Routh did not comply with the Clerk's notice.

On July 17, 2024, a Show Cause Order was entered giving Routh until August 7, 2024, to show cause why he failed to pay the filing fee or submit a motion to proceed IFP in a timely manner.   (ECF No. 4).   The Show Cause Order was returned as undeliverable.   (ECF No. 5).   A

1

notation on the return envelope indicated Routh was no longer at the CCDC.

To date, Routh has not paid the filing fee, submitted a motion to proceed IFP, or supplied the Court with a new address. The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the case, and to prosecute or defend the action diligently."

## II.    CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** based on Routh's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**Status of Referral: The referral terminates upon the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by**

2

**the district court.**

DATED this 12th day of August 2024.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE